**ANGIE WALKER, PRO SE**
94141 W Caughell St Apt 8
Gold Beach, OR 97444
Email:  Angelivxxx@gmail.com
Tel: 541.698.6335
Pro Se

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Case No. 1:16-cv-01880-CL

**ANGIE WALKER**

Plaintiff,

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS UNDER OREGON'S COMPARATIVE NEGLIGENCE LAW 31.600 AND 28 U.S. CODE § 2674 - LIABILITY OF UNITED STATES

v.

**UNITED STATES OF AMERICA**

Defendant.

**OPPOSITION TO MOTION**

Plaintiff's Opposition to Defendant's Motion to Dismiss Under Oregon's Comparative Negligence Law 31.600 And 28 U.S. Code § 2674 - Liability of United States

**LEGAL MEMORANDUM**

According to Oregon Negligence Laws, Comparative Negligence 31.600:

Chapter 31 — Tort Actions

2015 EDITION

<u>COMPARATIVE NEGLIGENCE</u>

31.600   Contributory negligence not bar to recovery; comparative negligence standard; third party complaints

31.605    Special questions to trier of fact; jury not to be informed of settlement

31.610   Liability of defendants several only; determination of defendants' shares of monetary obligation; reallocation of uncollectible obligation; parties exempt from reallocation

31.615   Setoff of damages not allowed

31.620   Doctrines of last clear chance and implied assumption of risk abolished

OregonLaws.org

2015 ORS
Legal Glossary

Home
Glossary
N
negligence

Failure to act with the legally required degree of care for others. May be contributory, imputed, or comparative, depending on circumstances. The basis for liability insurance.

OREGON LAW AT-A-GLANCE

3. COMPARATIVE NEGLIGENCE: The plaintiff must be 50% or less negligent

in order to recover damages. The plaintiff's recovery is reduced by the

degree of his or her fault. ORS 31.600(1).

Oregon Negligence Laws

 3  651

Negligence is when someone acts carelessly and harms another person. These are accidents where a party is at fault, at least partially, because they weren't exercising the standard of care towards others we expect in society. For more detailed information, read FindLaw's negligence articles.

There are two main ways states can treat negligence: comparative negligence and contributory negligence. In a traditional contributory negligence state, any fault on the plaintiff's part bars them from recovering for his or her losses, even if it's 1% fault vs. 99% fault. However, most states, including Oregon, have moved away from this draconian negligence regime to a system of comparative negligence.

Comparative negligence is a legal system where the defendant only pays for the percentage of fault that he or she is found responsible for. There are two main types of comparative negligence: pure and modified. In pure, the injured party can collect even if they are 99% at fault, but the defendant still owes for his 1% fault. In modified comparative fault, the majority model, the plaintiff only recovers if they are found 50% or 51% at fault or less. Oregon has a modified comparative negligence law.

The following table outlines the main parts of Oregon negligence laws.

Code Sections    Oregon Revised Statutes Sections 31.600 to 31.620 – Comparative Negligence

Comparative Negligence    Oregon law has a modified comparative negligence law where the plaintiff can still collect as long as the fault attributed to him or her doesn't exceed 51% of the total fault.

**28 U.S. Code § 2674 - Liability of United States**

The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

**ARGUMENT**

**The USDA employees had a legally required degree of care per the:**

**USDA REGULATIONS**

HB-1-3560 Appendix 1 Page 1 of 202 Appendix 1

**7 CFR PART 3560--DIRECT MULTI-FAMILY HOUSING LOANS AND GRANTS**

TABLE OF CONTENTS

Subpart A--General Provisions and Definitions

4

(EXCERPTS FROM THE 202 PAGE DOCUMENT)

HB-1-3560  Appendix 1  Page 20 of 202  7 CFR Part 3560  7 CFR PART 3560 – DIRECT MULTI-FAMILY HOUSING LOANS AND GRANTS  Subpart A--General Provisions and Definitions  §3560.1

Applicability and purpose.  (a)  **This part sets forth requirements, policies, and procedures** for multi-family housing  (MFH) direct loan and grant programs to serve eligible very-low, low- and moderate- income households.  The programs covered by this  part are authorized by title V of the  Housing Act of 1949 and are:  (1)  Section 515 Rural Rental Housing, which includes congregate housing, group  homes, and Rural Cooperative Housing.  Section 515 loans may be made to  finance multi-family units in rural areas as defined in §3560.11.  (2)  Sections 514 and 516 Farm Labor Housing loans and grants.  Housing under  these programs may be built in any area  with a need and demand for housing for  farm workers.

(3)  Section 521 Rental Assistance.  A project-based tenant rent subsidy which  may be provided to Rural Rental Housing and Farm Labor  Housing facilities.  (b)  The programs covered by this part provide economically designed and constructed  rural rental, cooperative, and farm labor housing and related facilities operated and  managed in an affordable, decent, safe, and sanitary manner.

HB-1-3560 Appendix 1 Page 53 of 202 (3) **All rental units must be operated and managed in compliance with the requirements of the Agency and the other sources.  To the extent these requirements overlap, the most stringent requirement must be met.**

**§3560.159  Termination of occupancy. (a)  Tenants in violation of lease.  Borrowers, in accordance with lease agreements, may terminate or refuse to renew a tenant's lease only for material non-compliance with the lease provisions, material non-compliance with the occupancy rules, or other good causes.**

(i) Violations of lease provisions or occupancy rules that are substantial and/or repeated;

(iii) Admission to or conviction for use, attempted use, possession, manufacture, selling, or distribution of an illegal controlled substance when such activity occurred on the housing project's premises by the tenant,

(2) **Good causes, for purposes of occupancy terminations by a borrower, include actions such as:**

(i) **Actions by the tenant or a member of the tenant's household which disrupt the livability of the housing by threatening the health and safety of other persons** or the right of other persons to enjoyment of the premises and related facilities; (02-24-05)

SPECIAL PN HB-1-3560 Appendix 1 Page 101 of 202.


This clause was not enforced (Enforce Definition:

Dictionary -

en·force

inˈfôrs,enˈfôrs/

verb

**compel observance of or compliance with (a law, rule, or obligation).**

http://www.hyperdictionary.com/search.aspx?define=enforce


Meaning of ENFORCE

Pronunciation:                en'fowrs

WordNet Dictionary

     Definition:

  [v]  <u>ensure observance of laws and rules</u>; "<u>Apply the rules to everyone</u>";


"(2) <u>**Good causes, for purposes of occupancy terminations by a borrower**</u>, *include actions such as:*

(i) <u>***Actions by the tenant or a member of the tenant's household which disrupt the livability of the housing by threatening the health and safety of other persons***</u>

6

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
*Walker v. United States; Case No. 1:16-cv-01880-CL*

*or the right of other persons to enjoyment of the premises and related facilities; (02-24-05)"*

## CONCLUSION

Thereby the USDA employees are liable for their negligence to these applicable laws of the State of Oregon and Federal Law as they failed in their <u>legally required degree of care</u> to terminate the occupancy of the tenants which disrupted the livability of the housing by threatening the health and safety of other persons or the right of other persons to enjoyment of the premises and related facilities.

I Move to Strike the Motion with Prejudice. For the foregoing reasons and all the others discussed in Plaintiff's Complaint, the present Motion to Dismiss should be denied.

Angie Walker

December 23, 2017

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served via email (PDF and Word Formats) and U.S. Mail on December 23, 2017 to the following addressees:

Billy J. Williams, OSB #901366
United States Attorney

7

District of Oregon
Sean E. Martin, OSB #054338
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
Email:  sean.martin@usdoj.gov


                                                      Angie Walker
*Angie Walker*

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
*Walker v. United States; Case No. 1:16-cv-01880-CL*