**BILLY J. WILLIAMS, OSB #901366**
United States Attorney
District of Oregon
**SEAN E. MARTIN, OSB #054338**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
sean.martin@usdoj.gov
Telephone: (503) 727-1010
    Attorneys for Defendant United States

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **ANGIE WALKER**, | Case No. 1:16-cv-01880-CL |
| Plaintiff, | **DEFENDANT UNITED STATES' REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION UNDER FED. R. CIV. P. 12(b)(1)** |
| v. | |
| **UNITED STATES OF AMERICA**, | |
| Defendant. | |

# ARGUMENT

As Defendant's motion established, Plaintiff's alleged tort claim is rooted in a federal regulatory scheme, 7 C.F.R. Part 3560, rather than state tort law, and Oregon has no analogous law making a private person liable in similar circumstances. *See Burroughs v. Abrahamson*, 964 F. Supp. 2d 1268, 1272, *aff'd*, 610 Fed. App'x 697 (9th Cir. 2014) (unpublished disposition). Therefore, there is no jurisdiction under the FTCA and this Court should dismiss this case. This is consistent with congressional intent to limit the FTCA's waiver of sovereign immunity to garden-variety tort cases where clear, private analogues exist under state tort law. *See Dalehite v. United States*, 346 U.S. 15, 28 (1953).

Plaintiff argues that there is a viable tort claim, because the USDA violated a duty in 7 C.F.R. § 3560.159(a) to "terminate the occupancy" of other tenants in the apartment building where she resides. Plaintiff's opposition at 5-7. But Plaintiff misinterprets that regulation. The regulation provides that an apartment building owner (a "borrower" from USDA) "may" terminate a tenant's lease "only for" good cause. The regulation does not establish a duty on USDA to terminate apartment leases, but instead provides the apartment owner the discretion to terminate under certain circumstances.

Page 2-   DEFENDANT UNITED STATES' REPLY IN SUPPORT OF
          MOTION TO DISMISS, *Walker v. United States*; Case No. 1:16-
          cv-01880-CL

Nor does Plaintiff identify any Oregon-law analogue for a supposed violation of 7 C.F.R. § 3560.159(a) or any other regulations within 7 C.F.R. Part 3560.  Plaintiff emphasizes that Oregon negligence law is based on comparative negligence rather than contributory negligence.  Plaintiff's opposition at 2-4.  But Oregon's comparative negligence scheme affects the amount of an award if there is a viable state-law claim in the first place; it does not establish that a supposed violation of this complex federal regulatory scheme has any Oregon tort-law analogue.

## CONCLUSION

For these reasons, this Court should dismiss this action under Fed. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction.

DATED this 5th day of January, 2018.

>	Respectfully Submitted,
>
>	BILLY J. WILLIAMS
>	United States Attorney
>	District of Oregon
>
>	*/s/ Sean E. Martin*
>	SEAN E. MARTIN
>	Assistant United States Attorney

Page 3-   DEFENDANT UNITED STATES' REPLY IN SUPPORT OF MOTION TO DISMISS, *Walker v. United States*; Case No. 1:16-cv-01880-CL

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served via CM/ECF to Plaintiff, who is a registered CM/ECF user.

>                */s/ Sean E. Martin*
>                SEAN E. MARTIN

Page 4-   DEFENDANT UNITED STATES' REPLY IN SUPPORT OF MOTION TO DISMISS, *Walker v. United States*; Case No. 1:16-cv-01880-CL