IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

ANGIE WALKER,

        Plaintiff,

   v.

UNITED STATES OF AMERICA,

        Defendant.

Case No. 1:16-cv-01880-CL

**REPORT & RECOMMENDATION**

CLARKE, Magistrate Judge.

Plaintiff Angie Walker, *pro se*, brings suit against the United States of America, contending United States Department of Agriculture ("USDA") employees negligently failed to enforce a no-smoking policy at her USDA-subsidized apartment complex. The United States moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction. For the reasons below, the United States' motion should be granted.

///

///

## FACTS

Plaintiff resides in an apartment complex in Gold Beach, Oregon. Her apartment complex is subsidized by the USDA. As part of her complaint, Plaintiff attached a portion of her rental agreement, which states that the "property has been designated as a smoke free property." Compl. Ex. 1. Accordingly, residents are required to be at least twenty-five feet away from the building if they want to smoke. The rental agreement states that a resident's failure to comply with the no-smoking policy "will be a violation of the property ground rules and your lease agreement." Compl. Ex. 1. Although subsidized by the USDA, the USDA is not a party to her rental agreement. Rather, her landlord is Grand Management Services, Inc., which is located in Coos Bay, Oregon. Compl. Ex. 1.

Plaintiff alleges that tenants routinely smoke inside her apartment complex and that she and other residents are "suffering the damages of exposure to secondhand smoke." Compl. ¶ 4. Plaintiff further alleges that there are "nicotine stains on [the] ceiling." Compl. ¶ 3. Moreover, Plaintiff attached an x-ray report showing that she has symptoms of "basilar parenchymal airspace disease" and potentially pneumonia. Compl. Ex. 4. Plaintiff attributes this diagnosis to second-hand smoke received from tenants who allegedly have been, and are, improperly smoking on the premises. Plaintiff maintains that 7 C.F.R. § 3560 requires USDA employees to enforce the apartment's no-smoking policy. She opines that their failure to do so amounts to negligence and that a person of ordinary prudence would have acted differently under the same or similar circumstances.

///

///

///

## STANDARD

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). As such, a court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). A motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); Fed. R. Civ. P. 12(b)(1). The court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

Because Plaintiff brings a negligence claim against the United States, she must have met the procedural requirements of the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2674. To this end, Plaintiff alleges she presented her claim to the USDA, that her claim was denied by the USDA, and that any other requirements of the FTCA have been met.

The United States maintains, however, that the FTCA does not allow a plaintiff to sue the United States on a theory of liability that does not exist in the state where the alleged tort took place. And, here, Oregon law did not impose tort liability on a third party for failure to enforce a provision in a rental agreement. Hence, the United States argues that the FTCA does not apply, it has therefore not waived its sovereign immunity, and this Court thus lacks subject matter jurisdiction.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994) (internal citation omitted). Sovereign immunity is a jurisdictional issue; therefore, a federal court must first determine whether the government's immunity has been waived. *Id.*

The FTCA waives the federal government's sovereign immunity for certain torts committed by federal employees. 28 U.S.C. § 1346(b). The FTCA thus "grants the federal district courts jurisdiction over a certain category of claims for which the United States has waived its sovereign immunity and 'render[ed]' itself liable." *Meyer*, 510 U.S. at 477 (quoting *Richards v. United States*, 369 U.S. 1, 6 (1962)) (alteration in original). This category of claims are those that are:

> "[1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

*Id.* (quoting 28 U.S.C. § 1346(b)). The Supreme Court has "consistently held that § 1346(b)'s reference to the 'law of the place' means law of the State—the source of substantive liability under the FTCA." *Id.* at 478 (internal citation omitted). Therefore, the Court must "look[] to state law in determining liability." *Miree v. DeKalb Cty., Ga.*, 433 U.S. 25, 29 n. 4 (1977) (citing 28 U.S.C. § 1346(b)).

Plaintiff alleges that USDA employees—*i.e.*, federal employees—negligently failed to enforce a no-smoking policy at her USDA-subsidized apartment complex. She seeks monetary damages in the amount of $16,000,000. In order for her claim to be cognizable, then, Oregon[1]

---

[1] Plaintiff's apartment complex is located in Gold Beach, Oregon; thus, Oregon is "the place where the act or omission [allegedly] occurred."

law must render a private person tortiously liable to Plaintiff in like circumstances. *See Meyer*, 510 U.S. at 477 (stating that "a claim must allege . . . that the United States 'would be liable to the claimant' as 'a private person' 'in accordance with the law of the place where the act or omission occurred'").

Plaintiff, however, neither cites to nor argues that Oregon law imposes a tort duty on a third party to enforce a provision in a rental agreement. And the Court, on its own, cannot find any such duty. Indeed, Oregon common law "recognizes that a *landlord* has a duty to maintain areas of the rented premises over which he or she retains control in a reasonably safe condition," and a landlord "may be found liable both to tenants and to invitees for physical injury caused by an unsafe condition arising in such areas of the premises, if the landlord knew or should have known about the unsafe condition and could have made the condition safe." *Waldner v. Stephens*, 345 Or. 526, 535 (2008) (citing *Woolston v. Wells*, 297 Or. 548 (1984)) (emphasis added). Here, however, Grand Management Services, not the USDA, was and is Plaintiff's landlord. *See* Compl. Ex. 1 (stating "'Landlord' refers to the Landlord and/or the Management Agent as identified above," which is identified as "Grand Management Services"). Accordingly, while Oregon tort law requires Grand Management Services to ensure a reasonably safe condition on the leased premises, no such duty is imposed on the USDA or its employees. Consequently, Plaintiff's claim is not actionable under "the law of the place where the act or omission occurred"—namely, Oregon.

Plaintiff instead relies on USDA regulations, which vest "borrowers"—*i.e.*, landlords—with the right to terminate a lease agreement or refuse to renew a lease if actions by a tenant "disrupt the livability of the housing by threatening the health and safety of other persons or the right of other persons to enjoyment of the premises and related facilities[.]" 7 C.F.R. §

3560.159(a)(2)(i). Plaintiff argues this imposes a duty on USDA employees to ensure safe living conditions.

Plaintiff's argument fails to rectify her claim. Even if this regulation *did* impose a duty on USDA employees to ensure the safety of tenants, and thereby to enforce a no-smoking policy, this is derived from "federal law, not state law[.]" *Meyer*, 510 U.S. at 478. Yet, as discussed, the Court must "look[] to state law in determining liability" under the FTCA. *Miree*, 433 U.S. at 29 n. 4 (citing 28 U.S.C. § 1346(b)). And, here, as explained, no state-law duty exists. Moreover, the Court finds nothing in the regulatory scheme that would otherwise entitle Plaintiff to sue the United States for monetary damages based on alleged failures on the part of a landlord to enforce a provision in a rental agreement.[2] Therefore, the United States is immune from suit of this kind, and the Court lacks subject matter jurisdiction. *See Gamache v. United States*, No. CV-11-296-ST, 2011 WL 1706445, at *2 (D. Or. Mar. 24, 2011) (citing *United States v. Kitchell*, 463 U.S. 206, 212 (1983)) ("Absent a waiver of sovereign immunity, federal courts have no subject matter jurisdiction in cases against the United States government"). Plaintiff's claim should thus be dismissed with prejudice, as it cannot be cured. *See Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (a *pro se* litigant must be given leave to amend her complaint unless it is absolutely clear that the deficiencies in the complaint could not be cured by amendment).

## RECOMMENDATION

For the reasons stated above, the United States' motion to dismiss (#24) should be GRANTED and Plaintiff's suit should be dismissed with prejudice. This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. Fed. R. Civ. P. 72. If objections

---

[2] Instead, to address such concerns, 7 C.F.R. § 3560.160 entitles a tenant to file a grievance in writing with the borrower—*i.e.*, the landlord—for a failure to maintain the premises in a safe, sanitary, and decent manner, and entitles a tenant to a hearing/certain appeals rights.

are filed, any response is due within fourteen (14) days after being served with a copy of the objections. *Id.* Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991)

ORDERED and DATED this __12__ day of January, 2018.

_____
MARK D. CLARKE
United States Magistrate Judge