**ANGIE WALKER, PRO SE**
94141 W Caughell St Apt 8
Gold Beach, OR 97444
Email:  Angelivxxx@gmail.com
Tel: 541.698.6335
Pro Se

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

Case No. 1:16-cv-01880-CL

**ANGIE WALKER**

Plaintiff,

PLAINTIFF'S OBJECTION TO REPORT
AND RECOMMENDATION

v.

**UNITED STATES OF AMERICA**

Defendant.

1

# ARGUMENT

I Objected to the Report and Recommendation and requested leave to file an Amended Complaint on January 14, 2018.  I filed a Motion to Amend the Complaint on January 15, 2018. The Order to Dismiss issued on March 23, 2018, said,

"I find no error and conclude the report is correct. Magistrate Judge Clarke's Report and Recommendation (ECF No. 30) is adopted."

The order did not state that the Amended Complaint was dismissed.  The Amended Complaint was 26 pages long and was amended from the first complaint.  The Amended Complaint was not addressed.  The only reference to my Amended Complaint is in the revocation of IFP status filed on April 5, 2018:

"Accordingly, Plaintiffs Amended Complaint lacks an arguable basis in law or fact, and

her appeal of its dismissal is therefore frivolous. Franklin, 745 F.2d at 1225. The Court thus

recommends the revocation of Plaintiffs IFP status on appeal."

The Amended Complaint names the Tortfeasors and cites Vicarious Liability, which is a State Law in Oregon, along with Comparative Negligence.

"Under Oregon State Law, an employer is responsible for the employee's negligence by Vicarious Liability. I believe that the Comparative Negligence Law also applies.

Oregon State Law: Vicarious liability: The employer, the USDA, the employees:" (See below, pages 4-6)

I filed the Appeal as an Abuse of Discretion because my Amended Complaint was neither granted nor denied.  I received no communications that it was acknowledged by the Judge or magistrate until the revocation of IFP status.  Nor is the Amended Complaint addressed in the revocation.  It is only referred to as stated in the paragraph above.

2

PLAINTIFF'S OBJECTION TO REPORT
AND RECOMMENDATION
*Walker v. United States; Case No. 1:16-cv-01880-CL*

The Magistrate Judge says on April 5, 2018:

"CLARKE, Magistrate Judge.

Case No. 1 :16-cv-01880-CL

REPORT & RECOMMENDATION

On March 23, 2018, the district court adopted (#38) a recommendation that Plaintiff

Angie Walker's Amended Complaint be dismissed with prejudice."

The Magistrate's Discussion uses the first Complaint filed and not the Amended Complaint as its basis for dismissing my Complaint. This is clearly an error on the court's part.

The Discussion, repeatedly, refers back to the first Complaint and does not address any of the allegations of Vicarious Liability cited in the Amended Complaint. The Discussion of the revocation of IFP status is solely based on the first complaint and not the Amended Complaint, yet it says that the Amended Complaint was dismissed with prejudice when none of its issues that were brought up or alleged or cited were even addressed. Instead, this is the Order that was filed on 3/23/2018:

"I find no error and conclude the report is correct. Magistrate Judge Clarke's Report and Recommendation (ECF No. 30) is adopted."

There was no mention or reference to the Amended Complaint. There was no Report and Recommendation on the Amended Complaint. The Report and Recommendation was for the first Complaint, which I objected to and filed an Amended Complaint, which I received no acknowledgement of from the Magistrate or Judge, from when it was filed on 1/15/2018, until 4/5/2018.

The Amended Complaint names the Tortfeasors and cites Vicarious Liability, which is a State Law in Oregon, along with Comparative Negligence.

I cited Negligence from Vicarious Liability and Comparative Negligence in the Amended Complaint:

"Negligence on the part of the Multi-Family Housing Program Director, Ramona Mitchell.

They were not in compliance.

The person who was supposed to ensure that the regulations for multifamily housing were

followed, the Area Specialist, Jay DeLapp, did not ensure the regulations were followed. Therefore, our health and safety were threatened.

Under Oregon State Law, an employer is responsible for the employee's negligence by Vicarious Liability. I believe that the Comparative Negligence Law also applies."

Oregon State Law: Vicarious liability: The employer, the USDA, the employees:

[Tortfeasors Negligence Tort:

Ramona Mitchell

Ramona Mitchell

Multi-Family Housing Program Director

Rural Development – Oregon

United States Department of Agriculture

1201 Northeast Lloyd Boulevard, Suite 801 | Portland, OR 97232

Phone: 503.414.3310| Phone: 855.824.6182| E-mail: ramona.mitchell@or.usda.gov

4

PLAINTIFF'S OBJECTION TO REPORT
AND RECOMMENDATION
*Walker v. United States; Case No. 1:16-cv-01880-CL*

Jay DeLapp

Jay DeLapp

Area Specialist

Rural Development – Oregon

United States Department of Agriculture

89 Alder Street | Central Point, OR 97502

Phone: 541.664.1070 ext 413| E-mail: jay.delapp@or.usda.gov

Patricia Felbinger

Patricia M. Felbinger

State Civil Rights Manager

Program Analyst and Management Control Officer

Rural Development – Oregon

6

PLAINTIFF'S AMENDED COMPLAINT ATTACHED PAGES

Walker v. United States; Case No. 1:16-cv-01880-CL

United States Department of Agriculture

1201 Northeast Lloyd Boulevard, Suite 801 | Portland, OR 97232

Phone: 503-414-3314| E-mail: patricia.felbinger@or.usda.gov

Vicki Walker

Vicki L. Walker

State Director

Rural Development – Oregon

Regional Coordinator, Western Region

United States Department of Agriculture

1201 Northeast Lloyd Boulevard, Suite 801 | Portland, OR 97232

Phone: 503.414.3305 | Cell: 503.351.4286 | E-mail: vicki.walker@or.usda.gov

2015 ORS 30.2651

Scope of liability of public body, officers, employees and agents

Subject to the limitations of ORS 30.260 (Definitions for ORS 30.260 to 30.300) to 30.300 (ORS 30.260 to 30.300 exclusive), every public body is subject to civil action for its torts and those of its officers, employees and agents acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function or while operating a motor vehicle in a ridesharing arrangement authorized under ORS 276.598 (Car or van pools).

The limitations imposed by this section apply to claims that:
(a) Are subject to ORS 30.260 (Definitions for ORS 30.260 to 30.300) to 30.300 (ORS 30.260 to 30.300 exclusive);
(b) Are made against the state, or against an officer, employee or agent of the state acting within the person's scope of employment or duties;
(c) Arise out of a single accident or occurrence; and

7

PLAINTIFF'S AMENDED COMPLAINT ATTACHED PAGES

Walker v. United States; Case No. 1:16-cv-01880-CL

(d) Are not claims for damage to or destruction of property.

(2) The liability of the state, and the liability of the state's officers, employees and agents acting within the scope of their employment or duties, to any single claimant for claims described in subsection (1) of this section may not exceed:

(a) $1.5 million, for causes of action arising on or after December 28, 2007, and before July 1, 2010.

(b) $1.6 million, for causes of action arising on or after July 1, 2010, and before July 1, 2011.

(c) $1.7 million, for causes of action arising on or after July 1, 2011, and before July 1, 2012.

(d) $1.8 million, for causes of action arising on or after July 1, 2012, and before July 1, 2013.

(e) $1.9 million, for causes of action arising on or after July 1, 2013, and before July 1, 2014.

(f) $2 million, for causes of action arising on or after July 1, 2014, and before July 1, 2015.

(g) The adjusted limitation provided by subsection (4) of this section, for causes of action arising on or after July 1, 2015.

(3) The liability of the state, and the liability of the state's officers, employees and agents acting within the scope of their employment or duties, to all claimants for claims described in subsection (1) of this section may not exceed:

(a) $3 million, for causes of action arising on or after December 28, 2007, and before July 1, 2010.

(b) $3.2 million, for causes of action arising on or after July 1, 2010, and before July 1, 2011.

(c) $3.4 million, for causes of action arising on or after July 1, 2011, and before July 1, 2012.

(d) $3.6 million, for causes of action arising on or after July 1, 2012, and before July 1, 2013.

(e) $3.8 million, for causes of action arising on or after July 1, 2013, and before July 1, 2014.

(f) $4 million, for causes of action arising on or after July 1, 2014, and before July 1, 2015.

(g) The adjusted limitation provided by subsection (4) of this section, for causes of action arising

on or after July 1, 2015.

2015 ORS 174.1091

"Public body" defined

- Text
- News

8

PLAINTIFF'S AMENDED COMPLAINT ATTACHED PAGES

Walker v. United States; Case No. 1:16-cv-01880-CL

- Annotations
- Related Statutes

Subject to ORS 174.108 (Effect of definitions), as used in the statutes of this state "public body" means state government bodies, local government bodies and special government bodies. [2001 c.74 §2]

"Tort" means the breach of a legal duty that is imposed by law, other than a duty arising from contract or quasi-contract, the breach of which results in injury to a specific person or persons for which the law provides a civil right of action for damages or for a protective remedy. [1967 c.627 §1; 1975 c.609 §11; 1977 c.823 §1; 1981 c.109 §1; 1987 c.915 §9; subsections (7) and (8) enacted as 1987 c.705 §6; 1989 c.905 §1; 1989 c.1004 §2; 1993 c.500 §3; 1997 c.215 §4; 2005 c.684 §1; 2005 c.798 §2; 2009 c.67 §9]

3) If an action under ORS 30.260 (Definitions for ORS 30.260 to 30.300) to 30.300 (ORS 30.260

to 30.300 exclusive) alleges damages in an amount equal to or less than the damages allowed under ORS 30.271 (Limitations on liability of state for personal injury and death), 30.272 (Limitations on liability of local public bodies for personal injury and death) or 30.273 (Limitations on liability of public bodies for property damage or destruction), the sole cause of action for a tort committed by officers, employees or agents of a public body acting within the scope of their employment or duties and eligible for representation and indemnification under ORS 30.285 (Public body shall indemnify public officers) or 30.287 (Counsel for public officer) is an action against the public body. If an action is filed against an officer, employee or agent of a public body, and the plaintiff alleges damages in an amount equal to or less than the damages allowed under ORS 30.271 (Limitations on liability of state for personal injury and death), 30.272 (Limitations on liability of local public bodies for personal injury and death) or 30.273 (Limitations on liability of public bodies for property damage or destruction), the court upon motion shall substitute the public body as the defendant. Substitution of the public body as the defendant does not exempt the public body from making any report required under ORS 742.400 (Duty to report claim of professional negligence to licensing board).]

My argument was Vicarious Liability and Comparative Negligence of USDA employees.

Corrections that were added to the Amended Complaint:

(The Amended Complaint had 2 corrections, Carbon Monoxide instead of Carbon Dioxide, filed the same day as a supplement to the Motion to Amend the Complaint on 1/15/2018. And a Correction filed on March 7, 2018 of a date of 2016 instead of the date of 2017.)

The Relief sought is in the amount of $37,843,200 per the Amended Complaint filed on 1/15/2018, not $16,000,000 per the first complaint, (which was Amended) as stated in the Report and Recommendation filed on 4/5/2018. The fact that the relief sought from the first Complaint

was used in the Report and Recommendation filed on 4/5/2018, proves that the Complaint dismissed was the first Complaint and not the Amended Complaint as stated on the R&R filed on 4/5/2018.  This is a discrepancy in the R&R, a clear error.

The Amended Complaint was never addressed because the relief sought is for every breath of poisoned air that we have suffered through during the approximately 2 and 1/2 half years of suffering we endured from May 2014 to November 2016.  It was calculated for a duration of 2 years.  Six months was used as a buffer for the days when there was no secondhand smoke being inhaled.  The months leading up to the confirmed 2nd hand smoke inhalation are not counted, just the moment from the first complaints, which was in May 2014.

"18 BREATHS PER MIN = 18 X 60 = 1,080 PER HOUR X 24 HOURS = 25,920 BREATHS IN ONE DAY X 365 DAYS PER YEAR = 9,460,800 BREATHS PER YEAR.

Secondhand smoke problems began in early 2014, were completely verified by May of 2014. First complaints were filed after letting tenant know that the smoke was causing us physical distress.

May 2014 to November 2016 equals 2- 1/2 years of known carcinogenic poisoning to our systems. We will use 2 Years x 2 People = 18,921,600 breaths per year for 2 People. Making a total of 2 years of Poisoned Air of 37,843,200 breaths. Two years calculated at $37,843,200.

Three years calculated at $56,764,800. Pain and suffering at $1.00 per breath of poisoned air equals $37,843,200, (we are suing for 2 years $37,843,200), which inhibited the quality of life for everyday activities and health and well-being. Asking For Relief ln The Amount Of $37,843,200 For The Pain And Suffering That Continues To This Day. The former tenant died of lung cancer in November, 2016. A new tenant smokes inside the apartment currently. Our Air Continues To Be Poisoned On A Daily Basis. And Even With Air Filters, We Are Still Suffering The Damages Of Exposure To Secondhand Smoke. My Son ls A Non-smoking Adult Who Has Never Smoked Cigarettes. His Chances Of Lung Cancer From Exposure ls lncreased By 20-30%. EXHIBITS #1-9. EX#1- LAB REPORT CARBOXYHEMOGLOBIN. EX#2- CHEST X-RAY. EX#3-9 NICOTINE STAINED CEILING AND WALLS."

## CONCLUSION

My Appeal is in the Pursuit of Justice.  There is an Abuse of Discretion as my Amended Complaint was not argued against or addressed in the Order to Dismiss on the first Complaint, filed on 3/23/2018.  It was not referred to in the Order filed on 3/23/2018, nor was it addressed nor any of its allegations Discussed on the R&R filed on 4/5/2018.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served via CM/ECF to Defendant, who is a registered CM/ECF user.

Angie Walker
April 6, 2018